Tony B. Bahnan *vs.* PHNB Realty, Inc., & others.[1] No. 98-P-610. November 17, 1999. *Real Property,* Sale on execution. *Judgment,* Default. *Due Process of Law,* Notice.

The relevant facts are that the plaintiff Bahnan obtained a default judgment and a levy of execution against the defendant PHNB Realty, Inc. (PHNB), with respect to certain property in Worcester and duly recorded the execution on May 21, 1993. Approximately two months prior to the recording of the execution, PHNB conveyed the property to the Federal Deposit Insurance Corporation (FDIC) which, on the same day, conveyed it to the defendants Mahan. Those deeds were not recorded until May 28, 1993, one week after the recording of the execution. Thereafter, on July 20, 1993, Bahnan purchased the property at a sheriff's sale, notice of which was published and posted pursuant to G. L. c. 236, § 28. A Superior Court judge granted partial sum-

[1]Thomas J. Mahan and Paul J. Mahan, as trustees of the Mahan Family Realty Trust.

mary judgment to the Mahans, setting the sheriff's sale aside on the ground that neither the FDIC nor the Mahans received prior notice of the sale. We affirm.

This court in *Teschke* v. *Keller*, 38 Mass. App. Ct. 627 (1995), held that a sheriff's sale conducted pursuant to G. L. c. 236, § 28, without actual notice to a junior mortgagee violated its due process rights afforded by the Fourteenth Amendment to the United States Constitution. The judge correctly rejected Bahnan's attempt to narrowly confine *Teschke* on the basis that this case does not involve a junior mortgage interest. In *Teschke*, we relied on *Mennonite Bd. of Missions* v. *Adams*, 462 U.S. 791, 800 (1983), in which the Supreme Court stated that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party . . . if its name and address are reasonably ascertainable." See *Teschke* v. *Keller*, *supra* at 633. Given that the defendants possessed a fee interest in the property and that the execution and sheriff's sale here involved constituted "State action necessary to implicate the due process protections of the Fourteenth Amendment," *ibid*, the Mahans were entitled to notice of the sheriff's sale. The deed to them was recorded prior to the scheduled time of the sale, and their identity and addresses were reasonably ascertainable from the registry records. We find no merit to the other contentions of the plaintiff.

*Judgment affirmed.*

The case was submitted on briefs.

*John W. Spillane* for the plaintiff.

*Barry S. Fischer & James B. Fox* for Thomas J. Mahan & another.